## COMMONWEALTH *vs.* PETER STRAIN.

An indictment on the Rev. Sts. *c.* 126, § 32, for obtaining money, goods or other prop erty, by any false pretence, with intent to defraud, must set forth all the material facts and circumstances which the prosecutor would be bound to prove in order to procure a conviction : An indictment on that section is insufficient, if it merely alleges that the defendant, intending to cheat and defraud A. of his money and prop erty, designedly and knowingly did falsely pretend to A. that a watch, which the defendant had, was a gold watch, by means whereof the defendant did designedly and knowingly obtain from A. thirty five dollars, with intent to cheat and defraud him of the same ; whereas, in truth, the said watch was not, and the defendant knew that it was not, a gold watch.

THIS was an indictment, which alleged that the defendant on the 18th of April 1845, with force and arms, at Newburyport, " contriving and intending one Jonathan Blake by false pretences to cheat and defraud of his money and property, unlawfully, knowingly and designedly, did falsely pretend to said Blake that a certain watch which he, said Strain, then and there had, was a gold watch, by means whereof said Strain then and there unlawfully, knowingly and designedly did obtain from said Blake sundry bank bills and silver coin, amounting together to the sum of thirty nine

44 *

dollars and fifty cents, and of the value of thirty nine dollars and fifty cents, of the money and property of him the said Blake, with intent him the said Blake then and there to cheat and defraud of the same ; whereas, in truth and in fact, said watch was not then and there a gold watch, and said Strain then and there well knew that the same was not a gold watch ; to the great damage and deception of him the said Blake, against the peace, and contrary to the form of the statute in such case made and provided."

After the defendant was found guilty by the jury, on a trial in the court of common pleas, he alleged exceptions to the ruling of that court on a matter of evidence ; and, when the case came into this court, he filed a motion in arrest of judgment, which rendered a decision on the exceptions unnecessary.

*Lunt,* for the defendant.

*N. J. Lord,* for the Commonwealth.

The decision was made at November term 1846.

DEWEY, J. The defendant is indicted under the Rev. Sts. *c.* 126, § 32, for obtaining the property of Jonathan Blake by means of false pretences. The statute offence is described in very general terms, and is undoubtedly a very great extension of the criminal code, in its application to cases formerly punished as civil delinquencies or frauds.

A party, when thus indicted for a new statutory offence, may well insist at least upon all the usual and customary requisites to a valid indictment. He may demand that the indictment shall apprise him of the nature of the offence charged, in terms so specific as to give him notice of the real offence imputed to him, to such an extent that he may prepare for a trial. The government are not bound to state every thing they propose to prove by their witnesses ; but the substantial charge is to be clearly and fully set forth.

The case at bar, if confined in its proof, on the trial by the jury, to the mere allegations in the indictment, would be certainly quite bald. The indictment does not allege any bargain, nor any colloquium as to a bargain for a watch ;

nor any proposition of Blake to buy, or of the defendant to sell a watch ; nor any delivery of the watch, as to which the false pretences were made, into the possession of Blake, as a consideration for the money he paid the defendant.

It seems to us, that when money or other property is obtained by a sale or exchange of property, effected by means of false pretences, such sale or exchange ought to be set forth in the indictment, and that the false pretences should be alleged to have been made with a view to effect such sale or exchange, and that by reason thereof the party was induced to buy or exchange, as the case may be.

The question as to the application of this and similar statutes to cases of false representations made in reference to contracts, or upon the sale of property, has often been raised, and a diversity of views on the point has prevailed in different judicial tribunals. But the form of the indictment has rarely been questioned ; and I find no case in which the precise point now before us has been settled. The case of *The King* v. *Perrott,* 2 M. & S. 379, is a strong case to show the views of the court of King's Bench as to such indictments for obtaining goods by false pretences. The court took strong ground, comparing such cases to those of perjury, and requiring as full and direct an affirmation that the pretences were false, and known to be such, as would be required in reference to the testimony alleged to constitute the perjury.

Although the language of the Rev. Sts. *c.* 126, § 32, is very broad, yet all will agree that, in its practical application, the false declaration must be made to a party who has an interest in the matter, and is affected injuriously by the falsehood. We go further, however, and hold that in a case like the present, where the alleged false pretences were injurious only by inducing another person to buy the article as to which such false representations were made, such sale or offer for sale must be set out as a part of the facts relied upon, and as a material allegation in the description of the offence.

A recurrence to the reported cases strongly confirms us in

the view we have taken of this indictment. In the case of *State* v. *Mills*, 5 Shepley, 211, the form of the indictment was, that the defendant " did falsely pretend that a certain horse, which he then and there wished and offered to exchange, was a sound horse," &c. In *Commonwealth* v. *Stone*, 4 Met. 43, the contract and sale are set forth. Other similar precedents might be referred to. In one case, however, *The Queen* v. *Bloomfield*, 1 Car. & Marshm. 537, the form of allegation seems to correspond with the present. In that case no question was raised as to the sufficiency of the indictment, but only upon points ruled by the presiding judge at the trial.

In *The People* v. *Gates*, 13 Wend. 311, it was held that an indictment for obtaining goods by false pretences must contain all the material facts and circumstances, which the public prosecutor would be bound to prove, in order to produce a conviction.

Upon the whole matter, the court are of opinion that this indictment does not plainly and distinctly set forth the offence intended to be charged ; that it does not contain an averment of those material facts which the government would be bound to prove, before they could ask for a conviction ; and that, for this cause, the judgment should be arrested.