THE STATE *v.* WINSTANDLEY ET AL.

[No. 18,444.  Filed June 29, 1898.  Rehearing denied Oct. 14, 1898.]

PERJURY.—*Affidavit for Continuance.—Joint Indictment.*—Where two persons join in an affidavit for a continuance, signing the affidavit together, being sworn together, and one certificate of oath being attached, such persons may be indicted jointly.

From the Clark Circuit Court.  *Reversed.*

*W. A. Ketcham,* Attorney-General, *H. C. Montgomery, W. C. Utz* and *J. K. Marsh,* for State.

*Alexander Dowling, Kelso & Kelso, M. Z. Stannard, W. H. Watson, C. L. Jewett* and *H. E. Jewett,* for appellees.

HOWARD, J.—The appellee Winstandley, being the president, and the appellee Frederick, being the cashier, of the New Albany Banking Company, were indicted for embezzlement, charged with having received certain deposits for said banking company, knowing the company to be at the time insolvent. On February 6, 1897, the prosecution under said indictment having been called for trial, the appellees appeared and filed their joint affidavit for a continuance, and the trial was accordingly continued. Thereafter, on February 11, 1897, the appellees were jointly indicted for perjury, for having, in said affidavit for a continuance, falsely, wilfully, and corruptly sworn to matters material to the point therein in question.  On April 21, 1897, the appellees filed in court their separate motions to quash each count of the indictment for perjury.  These motions were sustained, and the appellees were thereupon discharged.

That a false oath taken to secure the continuance of a trial renders the affiant guilty of perjury, does not admit of doubt.  *State v. Flagg,* 27 Ind. 24; *State v. Anderson,* 103 Ind. 170; *State v. Shupe,* 16 Iowa 36.

The objection to the indictment in this case is, that it is joint, and, as stated by counsel for appellees, "that the crime of perjury is in its nature several and distinct, and that it cannot be committed, jointly, by two or more persons." In support of this contention counsel quote from Bicknell's Crim. Prac., 103, that, "Two cannot be indicted for perjury, or for seditious words, because such offenses are, in their nature, several." Citing as authority *Rex* v. *Philips*, 2 Strange 921. Reliance is likewise placed by appellees on Wharton Crim. Law (9th ed.), section 1253; Wharton Crim. Pl. & Prac. (9th ed.), section 302; McClain Crim. Law, section 884; and *Resp.* v. *Goss*, 2 Yeates (Pa.) 479.

The authorities so referred to are all shown to depend upon *Rex* v. *Philips, supra*, in which case it appeared that "six persons were indicted in one indictment for perjury," and the court said: "There may be great inconveniences if this is allowed; one may be desirous to have a certiorari, and the other not; the jury on the trial of all may apply evidence to all, that is evidence against one."

The inconveniences referred to in *Rex* v. *Philips* can, as we think, have no application under our statute, which provides that "When the indictment or information is for a felony charged against two or more defendants jointly, any defendant requesting it before the jury is sworn must be tried separately." Section 1891, Burns' R. S. 1894 (1822, R. S. 1881); *Trisler* v. *State*, 39 Ind. 473. And it has been held that a change of venue as to one such joint defendant has the effect of a severance in trials. *Shular* v. *State*, 105 Ind. 289, 55 Am. Rep. 211. As, therefore, each joint defendant may have a separate trial, he need suffer no inconvenience or injustice by reason of the joint indictment.

But the second inconvenience referred to in *Rex* v. *Philips* shows plainly that the indictment there was for different acts of perjury; otherwise there could be no danger that on the trial the jury might "apply evidence to all that is but evidence against one." If the act of perjury was, as in the case at bar, but the joint affidavit of two defendants, signed and sworn to by both as a single act, it would be quite impossible that the jury should apply evidence to both that was true only as to one.

Where a single affidavit is signed and sworn to by two persons, the guilt of both in swearing falsely cannot be less joint than is the guilt of two or more persons who together sing a libelous song, or together use other indictable language. But it was said in *Rex* v. *Benfield*, 2 Burr. 980, one of the cases cited to show that the indictment here is bad: "Paul Williams and his wife against the Custodes, was a joint indictment for words spoken by both; and the court held the joint indictment good; though a joint action on the case could not have been brought against them.

"*Custodes* v. *Tawny and Norwood*, jointly indicted for blasphemous words severally spoken by them: Roll, Ch. J., held the indictment good enough, though joint.

"Cannot several persons join in singing one and the same song? Forty people may join in the same chorus. And if such song or chorus be libelous, the doing so is one joint act, criminal in itself, without regard to any peculiar personal default."

But, in truth, the indictment before us is not one which must necessarily be regarded as joint. So in *Commonwealth* v. *Griffin*, 57 Mass. 523, it was held that in every indictment against two or more persons, except in case of conspiracy and riot, or other cases where the agency of two or more is of the essence of

the offense, "the charge is several as well as joint; in effect, that each is guilty of the offense charged, so that if one is found guilty judgment may be passed on him, although one or more may be acquitted." In like manner, it has been held by this court that on the trial of several defendants, indicted jointly, different decisions may be rendered as to each defendant. *Hughes* v. *State*, 65 Ind. 39. And in *State* v. *Edwards*, 60 Mo. 490, where two persons were jointly indicted and it appeared that each was guilty of acts which would warrant a separate indictment and conviction, the joint indictment was held good, under provisions of a statute identical with our own (Cl. 10, section 1825, Burns' R. S. 1894, 1756, R. S. 1881), providing that defects in criminal pleadings should be disregarded which do not tend "to the prejudice of the substantial rights of the defendant upon the merits."

It could not be contended that each of the appellees in the case at bar might not have been separately indicted for perjury in taking the affidavit here in controversy. No prejudice upon the merits could therefore be caused to either appellee in being indicted with the other jointly. This is particularly true where another statute, as we have seen, gives to one who is jointly indicted for a felony the right to a separate trial. And besides, as said in *State* v. *Woulfe*, 58 Ind. 17: "Where two persons are jointly indicted, a *nolle prosequi* may be had as to one, and a trial on the merits as to the other. 1 Bishop Crim. Proced., section 1020. One may be convicted and the other acquitted. *Hall* v. *State*, 8 Ind. 439; Bicknell Crim. Prac., p. 103."

Appellees were not indicted for a series of false oaths made by each in the course of a trial, but for

one act of perjury, that is, the swearing to the truth of a single affidavit. The act is as single and joint as is the indictment charging the affiants with the offense. And while it may be said that each of them committed the act, yet it is also true that both committed the act; so that the act and the indictment may be regarded as both several and joint. Precisely the same evidence would be requisite to sustain the indictment as to either appellee.

"The general rule as to the joinder of defendants, as laid down in works of good authority," it was said in *Elliott* v. *State*, 26 Ala. 78, "is, that where the same evidence, as to the act which constitutes the crime, applies to two or more, they may be jointly indicted." And in *Volmer* v. *State*, 34 Ark. 487, the court said: "The rule is well settled that several may be jointly indicted for offenses arising wholly out of the same **joint act or omission.**"

In *State* v. *Forcier*, 65 N. H. 42, 17 Atl. 577, it was said, citing 1 Bish. Cr. Proc., section 467; 1 Whar. Cr. Law, section 429; and *Commonwealth* v. *Sloan*, 4 Cush. 52, that, "If more persons than one engage in the doing of a criminal thing in such a way as to make each one guilty of the crime, they may be indicted jointly, not necessarily in several counts, but in a single count."

In Chitty Crim. Law, *268, the reason is very clearly indicated why it is generally true that an indictment of two or more persons for perjury jointly will not be good, namely, because the words sworn to by each are usually not the same. It is there said: "So also, several cannot be joined in an indictment for perjury, because the assignment must be of the very words spoken, and the words uttered by one cannot possibly be applied to those which proceed

from another." But in the case at bar the same written words were used by each of the indicted persons; both, at the same time, swore together to the same affidavit.

The distinction is rendered even more clear in 2 Bish. Crim. Law (2nd ed.), section 936, where it is said: "It is laid down in the books, that two persons cannot be jointly indicted for perjury. But in legal principle this cannot be strictly so, though it will be so in the facts of most cases. Suppose, for instance, two persons join in an affidavit, signing it together, being sworn together, and one certificate of the oath being attached; in such a case there is no reason why the indictment should not be joint."

Mr. Bishop thus states exactly the case at bar. Here the two appellees have joined in an affidavit; they have signed it together; they were sworn to it together; and one certificate of their joint oath is attached. The purpose of each affiant was also the same, namely, the continuance of the prosecution against them both in the embezzlement case. There does indeed seem to be no good reason why the indictment should not have been joint. In addition, as we have said, any possible source of danger to either appellee is removed by our statute, cited above, which will permit either of the parties who have sworn to the joint affidavit to have a separate trial.

The rule governing in such a case is well stated in 10 Ency. Pl. & Pr. 554, as follows: "When an offense is one which may be committed by more than one person at the same time, the several persons engaged in its commission may be jointly charged. But while the charge is made against the defendants jointly, it is nevertheless said to be a separate charge against each of the defendants, and either or both may be

acquitted or convicted thereunder." Judgment reversed, with instructions to overrule the motion to quash the indictment and for further proceedings.