STATE v. HERRERA et al.

SYLLABUS BY THE COURT

(1) Where fundamental rights are not involved, this court will not review errors not called to the attention of the trial court.                                    P. 157

(2) Where an indictment for perjury alleges that it was committed in a case of the state against three defendants, while the proof shows that one of the persons named was not a defendant, the variance is immaterial.    P. 158

(3) A variance between an allegation of the indictment and the proof is immaterial if the allegation was surplusage.
P. 159

(4) Indictment charging three persons jointly with perjury by giving false testimony held faulty, since perjury is an individual offense which may not be committed by several persons together.                              P. 156

(5)   In prosecution of three defendants for perjury, the defendants could not complain on appeal that indictment was faulty in improperly joining the three defendants, where such question was not raised in the lower court.        P. 157

(6)   In prosecution of three defendants for perjury, failure of court to give jury a form under which a verdict of guilty as to one or more of them and not guilty as to the others might be rendered, although jury was instructed that such a verdict was possible, **held** not available on appeal, where the matter was not called to the attention of the lower court.                P. 157

(7)   Ordinarily surplus matter in an indictment need not be proved, but may be disregarded, but such rule does not apply where the facts unnecessarily alleged constitute a part of the description of the offense.        P. 160

Appeal from District Court, Valencia County; R. R. Ryan, Judge.

Trinidad Herrera, Francisco Vallejos, and Mateo Chaves were convicted of perjury, and they appeal. Affirmed.

Rodey & Rodey, of Albuquerque, for appellants.
A. M. Edwards, Asst. Gen., for the State.

### OPINION OF THE COURT

DAVIS, J.   [4]   The three appellants were jointly indicted for perjury.   The indictment charged that each of them was called and sworn as a witness and each gave certain false testimony.   All three were convicted.   They now object to the indictment and assign as error that the charges against them were improperly joined.   The indictment amounted to three separate accusations, one against each of the appellants.   Perjury by its very nature is an individual offense which may not to be committed by several persons together.   The indictment was faulty in charging against the three appellants offenses committed by each of them individually and in which the others did not participate. But no objection to the joint indictment or the joint trial was made in the lower court.   The error is raised here for the first time.

The record is in the same condition as to various

other errors which are assigned. The court gave the jury only two forms of verdict, one finding all three defendants guilty, and the other finding them not guilty, neglecting to furnish a form under which a verdict of guilty as to one or more of them and not guilty as to the others might be returned, although the court instructed that such a verdict was possible. Appellants also argue that the indictment did not sufficiently allege the materiality of the testimony upon which the perjury was assigned, nor was its materiality proved on the trial. But neither by motion in arrest of judgment for a directed verdict, for a new trial, nor in any other manner did appellants call to the attention of the trial court any of these matters of which they now complain.

[**1, 5, 6**]   These phases of the case, therefore, fall fairly within the rule of State v. Garcia, 19 N. M. 414, 143 Pac. 1012, holding that this court will not consider errors not called to the attention of the trial court. As pointed out in the opinion upon the rehearing of that case, an exception exists when some fundamental right has been invaded to the extent that plain injustice has been done. The errors complained of here are not of the class covered by this exception.

The same observations in a more limited degree apply to another assignment of error. Proof of the statements made by appellants upon whch the perjury was assigned was made by the stenographer who took their testimony on the trial in which the alleged perjury occurred. He read their evidence from his stenographic notes. The important testimony was that given by appellants as to the brand of certain cattle. It appears from the testimony of the stenographer that appellant Trinidad Herrera did not describe the brand verbally, but drew it on a paper which was then introduced on the original trial as Exhibit A. When the stenographer had finished the reading of the stenographic notes, counsel for the state offered the notes themselves in evidence. The attorney

for appellants then asked to have Exhibit A introduced as a part of them. This exhibit was not then available, and the court said that the notes might be admitted and the documentary evidence produced later. The attorney for appellant then asked, ''The court holds then that these exhibits do not have to be produced at this time,'' to which the court replied in the affirmative. Appellants then excepted. There was no error in this ruling. The notes without the exhibits were admissible for what they were worth, which was probably very little, since they were in stenographic form, and had already been read to the jury. Failure to offer the exhibit did not. affect the admissibility of the notes, and the court was within its rights in allowing the notes in evidence and postponing the introduction of the exhibit. The failure to produce it was never raised again in any form. There was no suggestion that the case of the state was incomplete without it, nor did the court finally rule upon its necessity. The matter is therfore not available as error here.

[2] The indictment alleged that the case in which the perjury was committed was ''cause No. 1176, entitled State of New Mexico v. Nicolas Mares, Trinidad Herrera, and Manuel Cheeles, upon the criminal docket of the district court  *  *  *  sitting within and for the county of Valencia.'' The proof was that Trinidad Herrera was not a defendant in that case, so that the true title should have been the state against the other two parties only. This variance was claimed in the trial court as fatal, and the refusal of that court to sustain this contention is alleged as error here. We think the variance was immaterial. The case was sufficiently identified by stating the court in which it was pending, giving its number upon the docket, and correctly stating the names of the plaintiff and the two defendants. Appellant could not have been misled as to the proceeding intended, and the judgment in the present. case could be availed of as a bar to a second proceeding. In State v. Lucerro, 20 N. M. 55, 146 Pac.

407, in sustainng an indictment attacked by demurrer, this court said:

"The tendency of courts in modern times is to brush aside technicalities in pleading, and to uphold indictments where the facts are alleged with sufficient certainty to apprise the accused of the specific charge which he is called upon to meet, and to enable him to plead the judgment in bar of a second prosecution for the same offense."

The docket number distinguishes the case intended in this indictment beyond the possibility of a mistake and makes unnecessary a consideration of such cases as Walker v. State, 96 Ala. 53, 11 South. 401, People v. Straussman, 112 Cal. 683, 45 Pac. 4, and Wilson v. State, 115 Ga. 206, 41 S. E. 696, 90 Am. St. Rep. 104, in which minor variances between the description of the case as alleged and proved were held fatal, but in which the identity of the cases intended were not as definitely fixed as here.

[3] But one assignemnt of error remains for discussion. The indictment alleged that the appellants testified that certain cattle bore the brand [N], whereas in truth and in fact the cattle did not bear said brand. If the drawer of the indictment had been satisfied with thus negativing the truth of the alleged false testimony, it would have been sufficient, and no question concerning it would have arisen. But the indictment went further, and, in addition to negativing the truth of the statements, alleged that the brand actually on the cattle was **M G—**. Upon the trial of the case there was proof that the cattle did not bear the [N] brand, but there was no proof that they were branded **M G—**. To the contrary, the evidence in the perjury case showed that the cattle bore the brand **MG**. This was claimed in the lower court, and asserted here, as a fatal variance. That it is a variance between the indictment and the proof cannot be doubted, for there is a material difference in the two brands. The question is as to whether the variance is fatal to the verdict. The alleging of the correct brand

after negativing the truth of the testimony as to the brand stated was unnecessary and surplusage.

[7] The ordinary rule is that surplus matter in an indictment need not be proved, but may be disregarded. An exception to the rule exists where the facts unnecessarily alleged constitute a part of the description of the offense. We do not think that the charge as to the brand actually on the cattle was descriptive of the perjury. The perjury consisted in swearing that the cattle were branded [N], when in truth they were not so branded, and the perjury was complete without reference to what brand they did in fact bear and irrespective of whether they were branded at all. The real brand in no way entered into the essentials of the offense. Proof of the falsity of the testimony was sufficiently made when it was shown that the cattle did not bear the brand testified to. While there is no doubt as to a variance between this unnecessary allegation in the indictment and the proof of the case, it was not upon a matter material to the prosecution, nor is it fatal to the conviction.

Joyce on Indictments, § 263, states:

"It is a general rule that an indictment will not be vitiated by matter which is mere surplusage, and that such matter need not be proved."

A case illustrative of the rule is Hull v. State, 120 Ind. 153, 22 N. E. 117. It was a prosecution for disturbing a religious meeting, and the information unnecessarily alleged the names of the persons disturbed. There was a failure of proof in this regard. The court said:

"Where unnecessary descriptive matter is mingled with matter of essential description, the whole must be proved as laid, but 'the limit of the doctrine is that, if the entire averment whereof the descriptive matter is a part is surplusage, it may be rejected, and the descriptive matter falls with it and need not be proved.' * * * The information in the present case was complete without the allegation that the appellant's conduct was to the disturbance of certain persons named; and within the rule above stated, since the matter

of description was merely surplusage, it was not necessary to prove it as laid."

The judgment is therefore affirmed; and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.