[No. 3505.   July 22, 1930.]

STATE v. KIMBELL et al.

[290 Pac. 792.]

Reese & Reese, of Roswell, for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

BICKLEY, C. J.

An information charged that appellants and one Herschell Guest made a felonious assault upon one John Miller and did rob, steal, and take from the person of said Miller certain money; "said Victor Kimbell, Turner Kimbell and Herschell Guest, being then and there armed with a dangerous weapon, to-wit: a pistol, then and there had and held in the hands of said Herschell Guest."

■■ At the close of the state's case, the defendants made a motion for an instructed verdict of not guilty. This in effect is a demurrer to the evidence. The motion was overruled, and defendants presented evidence in support of their defense. By so doing, they waived any error of the court in ruling thereon, if error there was. State v. Stewart, 34 N. M. 65, 277 P. 22-27; State v. Vincioni, 30 N. M. 472-476, 239 P. 281; State v. Raulie 35 N. M. 135, 290 P. 789. Defendants made a similar motion at the close of the entire case. This was also overruled. We have examined the record carefully, and the evidence, though conflicting, supports the verdict, and we find no error of the trial court in this regard. It has been uniformly held that a verdict of a jury which is supported by substantial evidence will not be disturbed on appeal.

■ At the close of the case, the defendants also moved for a directed verdict of not guilty upon the ground that there was a fatal variance between the allegations of the information and the proof as submitted in that it is alleged in the information that at the time of the robbery, Herschell Guest was the party who was armed with a deadly weapon, and that the testimony showed that the only person who had a dangerous weapon was the defendant, Turner Kimbell, and that there was no evidence to show that Herschell Guest at any time had a dangerous weapon in his possession.

The prosecution in this case appears to be under section 35—701, 1929 Comp., which is as follows:

"If any person shall assault another, and shall feloniously rob, steal and take from such person any money or other property,

which may be the subject of larceny, such robber being armed with a dangerous weapon, he shall be punished by imprisonment in the state penitentiary not more than twenty-five years, nor less than three years."

All three of the defendants were properly informed against, tried and sentenced as principals by virtue of section 25 of chapter 145, Laws 1925 (section 35—4425, 1929 Comp.) If all of the defendants were participating in the robbery, proof that one of them was armed with a dangerous weapon was sufficient to satisfy the allegation of the information that all were so armed. The allegations in the information that the dangerous weapon was "then and there had and held in the hands of Herschell Guest" was surplus matter and need not be proved, and may be disregarded. See State v. Herrera, 28 N. M. 155, 207 P. 1085, 24 A. L. R. 1134; State v. Anaya, 28 N. M. 283, 210 P. 567; State v. Lucero, 17 N. M. 484, 131 P. 491; Underhill's Criminal Evidence (3d Ed.) § 80; 31 C. J. "Indictments and Informations," § 445; Territory v. McGrath, 16 N. M. 202, 114 P. 364.

A variance between an allegation of the indictment or information and the proof is immaterial if the allegation was surplusage. State v. Herrera, supra.

Appellants claim that the court erred in refusing to give defendant's requested instruction No. 1. This instruction undertook to define robbery and also sought to convey to the jury the belief that there must be proof that the dangerous weapon mentioned in the information was actually held in the hands of Herschell Guest. Having found that this is not the law, we find that the instruction was not properly framed and defendants not entitled thereto. A requested instruction which incorrectly states the law is properly refused. State v. Chaves, 27 N. M. 504, 202 P. 694.

The judgment of the trial court is therefore affirmed, and it is so ordered.

WATSON and PARKER, JJ., concur.

CATRON and SIMMS, JJ., did not participate.