MARJORIE RICHARDSON *v.* STATE OF MARYLAND

[No. 12, October Term, 1938.]

*Decided June 14th, 1938.*

The cause was submitted on briefs, as of the April Term, to BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, and SHEHAN, JJ.

*James A. McAllister,* for the appellant.

*Herbert R. O'Conor, Attorney General,* and *Charles T. LeViness, 3rd, Assistant Attorney General,* and *Rex A. Taylor, State's Attorney for Wicomico County,* for the State.

URNER, J., delivered the opinion of the Court.

The indictment in this case charged that the defendant "did unlawfully sell to Harvey R. Baker on or about the 18th day of March, 1938, in Wicomico County, a certain

alcoholic beverage, to-wit: whiskey," without having obtained a license as prescribed by law. The statute thus alleged to have been violated is included in section 2 of article 2B of the Code (1935 Supplement) and provides, in part, that "no person shall * * * sell or suffer to be * * * sold * * * within this State any alcoholic beverage without a license," for which provision is made in subsequent sections of that article. A demurrer to the indictment was overruled, and the case then proceeded to a trial, which resulted in the defendant's conviction. The record on this appeal presents for review the ruling of the trial court on the demurrer and its disposition of certain objections as to the admissibility of evidence.

In Wicomico County sales of all beverages containing more than fourteen per cent. of alcohol by volume are permitted by the law to be made in sealed packages at dispensaries to be established by a county board of liquor control. Code, art. 2B, sec. 48B. The validity of the indictment is questioned because it omits to state that the alleged sale was not made by the defendant as an employee of the Liquor Control Board at one of its dispensaries. But there is no sufficient basis for that theory. The separate provision for dispensary sales does not bear such a relation to the prohibitory clause under which the defendant is prosecuted as to create an exception which it was necessary for the indictment to negative. *Howes v. State,* 141 Md. 532, 119 A. 297; *Foxwell v. State,* 146 Md. 90, 125 A. 893; *State v. Jenkins,* 124 Md. 376, 92 A. 773; *Ruggles v. State,* 120 Md. 553, 87 A. 1080; *Weber v. State,* 116 Md. 402, 81 A. 606.

Another suggested objection is that the indictment is defective because of its omission to mention the price at which the defendant is accused of making the alleged illegal sale of whiskey. It is a settled rule of criminal pleading in this state that an indictment for a statutory offense is not demurrable if it follows the language of the statute and is sufficiently specific to inform the defendant of the particular charge upon which he is to be tried. *Hayes v. State,* 171 Md. 94, 188 A. 24; *State*

*v. Lassotovitch,* 162 Md. 147, 159 A. 362; *Abramson v. State,* 167 Md. 531, 175 A. 593; *Wentz v. State,* 159 Md. 161, 150 A. 278; *Bosco v. State,* 157 Md. 407, 146 A. 238. The present indictment conforms to that standard. In other cases of illegal sales, which this court has had occasion to consider, indictments which omitted to specify the price realized from the sales were sustained as against demurrers, and no point appears to have been made as to such omission. *Brunner v. State,* 154 Md. 655, 141 A. 346; *Hicken v. State,* 146 Md. 251, 126 A. 123; *Howes v. State, supra.*

There were eight evidence exceptions reserved at the trial, but they refer to no ruling which involved reversible error.

The first exception was noted in the course of the testimony of one of the prosecuting witnesses, who, with several companions, had visited the defendant's inn, known as the "Silver Slipper," and who stated that he ordered for the party a pint of whiskey, which he said was brought to the table in an unsealed quart bottle. The witness was allowed, over objection, to quote the defendant's son, who had taken the order, as saying that the liquor had been bought in quart bottles and the seal had to be broken in order that a pint might be sold. That testimony was admitted after it was proved that the defendant was in the room at the time and had been consulted by her son after the liquor was ordered and before it was delivered. It does not definitely appear that the quoted statement was made in the defendant's hearing. But while the testimony may have been objectionable for that reason, it was not sufficiently material to cause us to regard its admission as a proper ground for a reversal.

The second exception was abandoned. The ruling which was the occasion of the third exception was later revoked by the trial judge, who instructed the jury to disregard the testimony with which the exception was concerned, and which was relatively unimportant in view of preceding and clearly admissible evidence.

The remaining four exceptions relate to questions in

the cross-examination of the defendant's son, and to rebuttal testimony, designed to affect his credibility by his admissions, or by proof in contradiction of his statements, as to when and under what circumstances he had previously been in contact with the principal prosecuting witness. Those inquiries were sufficiently material for the purposes of the intended contradiction in view of the manner in which the testimony developed.

*Judgment affirmed, with costs.*