STATE OF MARYLAND *v.* ROBERT MONFRED,
ET AL.

[No. 12, April Term, 1944.]

*Decided June 13, 1944.*

304

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, and BAILEY, JJ.

*J. Edgar. Harvey, Assistant Attorney General,* and *Bernard G. Peter, Assistant State's Attorney,* for Baltimore City, with whom were *William C. Walsh, Attorney General,* and *J. Bernard Wells, State's Attorney for Baltimore City,* on the brief, for the appellant.

*H. Mortimer Kremer* for appellees.

DELAPLAINE, J., delivered the opinion of the Court.

The indictment in this case contains eight counts, each charging Robert Monfred and Bernard Caltrider, of Baltimore, with a violation of the statute forbidding the sale and other use of obscene publications. Code, 1939, Art. 27, Sec. 495.

An indictment for a statutory offense is sufficient if it follows the language of the statute, and is sufficiently specific to inform the accused of the particular charge on which he is to be tried. *State v. Coblentz,* 167 Md. 523, 529, 175 A. 340; *Richardson v. State,* 175 Md. 216, 200 A. 362; *State v. Petrushansky,* 182 Md. 164, 36 A. 2d 533, 537. We find no objection to the language of this particular indictment, as each count lays the charge substantially in the language of the statute, and also specfies the alleged obscene publications to be the November and December, 1943, issues of the magazine called "Sunshine and Health". The objection made by the defendants is that they should not be indicted jointly for separate offenses. The Criminal Court of Baltimore City

sustained the demurrers, and ordered the indictment quashed and the defendants discharged. The State entered an appeal from that judgment.

It is a general rule of pleading that two or more defendants should not be joined in the same indictment where the offenses are separate and distinct and do not arise out of the same transaction. *Sampson v. State,* 83 Tex.Cr.R. 594, 204 S.W. 324; *United States v. McConnell,* D.C., 285 F. 164; *McElroy v. United States,* 164 U. S. 76, 17 S.Ct. 31, 41 L.Ed. 355. This rule cannot be made to yield to any claim of expediency arising from a desire to hasten the progress of criminal cases, however commendable the purpose in view. As Judge James remarked in *Culjak v. United States,* 9 Cir., 53 F. 2d 554, 556, 82 A.L.R. 480: "It is grounded in the right, always accorded a person accused of crime, to a fair and impartial trial and to be convicted upon proof of his own acts, unaffected by the atmosphere of guilt that may surround another defendant tried before the same jury for a different offense." Where, however, several persons engage in the commission of a criminal act, so that all are guilty of the crime in some degree, all or any of them may be joined in one count or separate counts of the same indictment, or they may be indicted separately. *State v. Winstandley,* 151 Ind. 316, 51 N.E. 92; *State v. Lehman,* 182 Mo. 424, 81 S.W. 1118, 66 L.R.A. 490, 103 Am.St.Rep. 670; 2 *Bishop, New Criminal Procedure,* 2d Edition, Sec. 467; 1 *Wharton, Criminal Procedure,* 10th Edition, Sec. 351; 27 Am.Jur., Indictments and Informations, Sec. 123. We have held, for example, that two persons may be indicted jointly for feloniously and negligently killing a human being, because the indictment charges joint commission of a crime. *Neusbaum v. State,* 156 Md. 149, 154, 143 A. 872; *Story v. United States,* 57 App.D.C. 3, 16 F. 2d 342, 53 A.L.R. 246, certiorari denied, 274 U.S. 739, 47 S.Ct. 576, 71 L.Ed. 1318. Similarly, two or more members of an official body may be indicted jointly for violating their duty as public officials. *State v. Castle,* 75 N.J.L. 187, 66 A. 1059; *State v. Lehman,* 182 Mo. 424, 81 S.W. 1118.

We adopt the criterion, as expressed by Chief Justice Shaw in a Massachusetts case, that where the same evidence as to the act which constitutes the crime applies to two or more persons, they may be indicted jointly. *Commonwealth v. Elwell,* 2 Metc., Mass., 190, 35 Am.Dec. 398. For illustration, perjury cannot be jointly charged against two or more persons where they were separately sworn as witnesses, even though they testified in the same case, because words spoken by one person are different from those spoken by another, and each of the accused ought to answer for himself alone. *State v. Roulstone,* 3 Sneed, Tenn., 107; *State v. Herrera,* 28 N.M. 155, 207 P. 1085, 24 A.L.R. 1134. It has been held, however, that two persons may be indicted jointly for perjury if both swore to a false statement at the same time, for then the joint affidavit is a single criminal act. *State v. Windstandley,* 151 Ind. 316, 51 N.E. 92. It has also been held that the statutory offense of using abusive or obscene language cannot be jointly committed by two persons, even though they should use the same unlawful words in an altercation, because the offenses are necessarily individual acts, except in case of conspiracy. *Cox v. State,* 76 Ala. 66. Our conclusion is that where two persons jointly sell an obscene publication, they may be charged together in one indictment; but where the sales of such publications by two or more persons are separate and distinct, as where booksellers who are not partners sell the publications at their respective stores, they may be charged only in separate indictments. 1 *Wharton, Criminal Procedure,* 10th Edition, Sec. 352.

If it appears from the face of an indictment that there is a misjoinder of defendants, they may object by demurrer; and if the demurrer is sustained, the court may quash the indictment. The question presented on this appeal, therefore, is whether any count in the indictment charges the defendants with a joint violation of the statute. The first six counts charge that on November 19, 1943, the defendants (1) each unlawfully did sell, (2) each unlawfully did lend, (3) each unlawfully did

give away and offer to give away, (4) each unlawfully did show, (5) each unlawfully did have in his possession, and (6) each unlawfully did bring and cause to be brought into the State of Maryland, with intent to sell and exhibit, certain publications alleged to be obscene. It was urged by the State that the word "each," appearing in each count of the indictment, should be ignored as surplusage. But we cannot accept that view. The word "each" is commonly understood to mean every one of two or more persons or things separately considered. *State v. Maine Central R. Co.*, 66 Me. 488, 510; *Mutual Savings & Building Ass'n v. Canon Block Investment Co.*, 67 Colo. 75, 185 P. 649; *Tunstill v. Scott*, 138 Tex. 425, 160 S.W. 2d 65. So, when an indictment alleges that each defendant committed a certain offense, the inference is that each individually committed the offense without concert of action. There is nothing in the first six counts to contradict this natural inference. The allegation in the first count, that each defendant sold the magazines to a certain person to the grand jurors unknown, could be true even though Monfred and Caltrider had never heard of each other, for there could have been more than one copy of each issue in the city. None of these counts alleges that the defendants were associated together in partnership, or as employer and employee, or in any other relationship, or that they owned the magazines jointly. In fact, every one of them contradicts the theory of concert of action. The fifth count does not allege that the defendants had the magazines in the possession of each other, but merely that each defendant had the magazines in his possession. In our opinion each of the first six counts charges each defendant individually with a violation of the statute entirely separate and distinct from the offense committed by the other. Since no joint offense is alleged therein, we hold that the demurrers to the first six counts were properly sustained.

The seventh and eight counts, however, present an entirely different situation. These counts allege conspir-

acy, which is an offense which by its very nature cannot be committed by one person alone. The seventh count alleges that each unlawfully did combine, confederate and agree together and with each other to bring the magazines into the State with intent to sell and expose them. The eighth alleges that each did combine, confederate and agree together and with each other and together with other persons to bring the magazines into the State with intent to sell and expose them. We hold that the demurrers to the seventh and eighth counts should have been overruled, because these counts allege joint criminal offenses.

Finding that the court below erred in quashing the indictment and discharging the defendants, we reverse the judgment and remand the case for further proceedings in conformity with the views expressed in this opinion.

*Judgment reversed, and case remanded, with costs.*