489 P.2d 673

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**James Andrew NEWMAN, Defendant-Appellant.**

No. 686.

Court of Appeals of New Mexico.

Sept. 17, 1971.

Robert N. Singer, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Ray Shollenbarger, Sp. Asst. Atty. Gen., Santa Fe; for plaintiff-appellee.

## OPINION

COWAN, Judge.

Defendant appeals a conviction of burglary from an automobile. Section 40A–16–3, N.M.S.A.1953 (Repl.Vol.1964).

We affirm.

Defendant first complains that the trial court committed error in permitting the jury to try the defendant after seeing him brought handcuffed into the courtroom.

The record discloses only that, just prior to trial and in chambers, the following conversation took place between the court and counsel:

"MR. SINGER: * * * secondly, Your Honor, the jury, so far as I know, is seated in the courtroom and have been for the last ten or fifteen minutes. The defendant was just brought in in handcuffs with his hands tied behind his back and the handcuffs were removed from him in the presence of the jury. This practice has been repeatedly and repeat-

edly condemned by the courts and it has happened to me two or three times at trial. The sheriff's office is insisting on doing this type thing. This is not a capital crime. It is simply a burglary and it is extremely prejudicial to have this happen to the defendant in front of the jury and we strenuously object.

"THE COURT: Why?

"MR. SINGER: It leaves the impression that he is in custody, that he is a dangerous man and that he is guilty.

"THE COURT: They know he is in custody.

"MR. SINGER: They don't know that he is in custody. The jury has no idea whether he is in custody.

"THE COURT: If he is sitting there—

"MR. SINGER: For the record, at least, I object. * * *"

No ruling was requested by the defendant and no action was taken by the court. Had there been proof or contention that defendant had been in handcuffs in the courtroom during jury selection or trial, without reasonable justification, defendant's objection might have borne fruit. Absent such proof or contention, we find no reversible error. See State v. Gomez, 82 N.M. 333, 481 P.2d 412 (Ct.App.1971); Territory v. Kelly, 2 N.M. 292 (1882).

■ Secondly, defendant complains that the State failed to rebut or disprove defendant's inference that the jury was invalidly constituted. This point is also without merit.

Defendant is Negro. Upon being told that about two percent of the population of Albuquerque is Negro, defense counsel explained his objection:

"Whatever it is, it is some per cent, whatever per cent it is, there is no percentage [of Negroes] represented on this jury panel and I object to that. This seems like prima facie evidence that there has been systematic exclusion of Negroes and other minority groups from this panel, almost every name in there is Anglo-Saxon."

Again, that is the extent of the record and it is not enough.

The mere absence of persons of a race or class does not give rise to the inference of systematic exclusion. Padgett v. Buxton-Smith Mercantile Company, 283 F.2d 597 (10th Cir. 1960), cert. denied 365 U.S. 828, 81 S.Ct. 713, 5 L.Ed.2d 705 (1961). One is not entitled to relief simply because there is no member of his race on the jury unless he shows that the absence results from purposeful discrimination. State v. Tapia, 81 N.M. 365, 467 P.2d 31 (Ct.App. 1970). The defendant has the burden of showing, prima facie, discriminatory selection practices. United States v. Butera, 420 F.2d 564 (1st Cir. 1970).

■ Thirdly, defendant complains of a fatal variance between the indictment and the proof. The indictment was:

"The July 1970, Grand Jury, in and for Bernalillo County, accuses JAMES ANDREW NEWMAN of BURGLARY contrary to Sections: 40A–16–3 and 40A–29–3D, NMSA 1953 (1963 Supp.), and charges that:

"On or about the 30th day of September, 1970, in the County of Bernalillo, State of New Mexico the said JAMES ANDREW NEWMAN, did without authority or permission enter a vehicle to wit: a 1965 Opel, New Mexico License No. 2–U8072 belonging to Douglas L. Farnham, 204 Central South East, Albuquerque, New Mexico, with intent to commit a theft therein."

The variances were that the owner, Farnham, testified that the vehicle was a 1969 Opel GT and there was no testimony as to the license number. We hold this immaterial. The owner and officers testified to the car's ownership, to its location, to its color and physical description and to the toolbox taken from it. One of the officers testified to the actual taking of the toolbox from the car by the defendant.

The essential elements of the crime were established. The model and license of the vehicle were surplusage in the indictment and need not be proved. State v. Kimbell,

35 N.M. 101, 290 P. 792 (1930); State v. Herrera, 28 N.M. 155, 207 P. 1085 (1922). The Supreme Court of Indiana stated the rule succinctly in Powell v. State, 250 Ind. 663, 237 N.E.2d 95 (1968), with the words "what is unnecessary to allege is automatically unnecessary to prove."

■ Defendant makes no claim of prejudice as required by subsection (4) of § 41–6–37, N.M.S.A.1953, nor does he attempt to avoid the provisions of sub-section (2). He attacks the two sub-sections on the constitutional grounds of double jeopardy, asserting only the possibility of prejudice. See State v. Parker, 80 N.M. 551, 458 P.2d 803 (Ct.App.1969); compare State v. Vallo, 81 N.M. 148, 464 P.2d 567 (Ct.App.1970).

Sub-section (2) states: "No variance between those allegations of an indictment, * * * which state the particulars of the offense, whether amended or not, and the evidence offered in support thereof shall be ground for the acquittal of the defendant. * * *"

Sub-section (4) states: "No appeal, * * based on any such * * * variance shall be sustained unless it is affirmatively shown that the defendant was in fact prejudiced thereby in his defense upon the merits."

Defendant's assertion of the mere possibility of double jeopardy is insufficient to give rise to a constitutional issue in this court. See State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967); State v. Silver, 83 N.M. 1, 487 P.2d 910 (Ct.App.1971).

The conviction and sentence are affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.