STATE *v.* FORCIER & *a.*

Chapter 133, Gen. Laws, which requires the retailer of drugs, medicines, etc., to submit to examination and procure a license, is a sanitary regulation, within the police power of the state.

Principals in the same criminal act may be indicted jointly.

Indictment against the defendants jointly for engaging in the business of retailing drugs, medicines, etc., and in compounding and putting up prescriptions of physicians, without having first obtained a license as required by Gen. Laws, *c.* 133.

The defendants demurred, and assigned for causes,—(1) That the legislature exceeded their constitutional power in passing the act in question; (2) that the defendants should have been indicted severally, and not jointly.

*R. M. Wallace*, solicitor, for the state.

*A. R. Simmons*, for the defendants.

CLARK, J. The constitutional authority of the legislature, in the exercise of the police power of the state to enact such regulations as are deemed reasonably necessary for the security and protection of the lives and health of all persons within the state, is unquestioned. *Pierce* v. *State*, 13 N. H. 536, 578; *State* v. *Freeman*, 38 N. H. 426; *State* v. *Marshall*, 64 N. H. 549. The duty of protecting its citizens is one of which the state cannot divest itself, and in the performance of this public duty the legislature enacted G. L., *c.* 133, upon which this indictment is found. The fee of five dollars, to be paid by the applicant for a license to engage in the business of an apothecary and druggist, is merely an equivalent for the service rendered by the commissioners in making the examination and issuing the license, and cannot be considered as a tax upon the business, or as depriving the applicant of his property without due process of law. *Smith* v. *Alabama*, 124 U. S. 465, 480; *Railway* v. *Alabama*, 128 U. S. 96.

The defendants are properly joined in the indictment. If more persons than one engage in the doing of a criminal thing in such a way as to make each one guilty of the crime, they may be indicted jointly, not necessarily in several counts, but in a single count. 1 Bish. Cr. Proc., *s.* 467; 1 Whar. Cr. Law, *s.* 429; *Com.* v. *Sloan*, 4 Cush. 52.

It would be no defence to the indictment that the defendants had in their employ a person licensed and registered as required by statute, who compounded the medicines called for by prescriptions of physicians. The language of the statute is,—" If any person shall engage in the business of retailing and vending, directly

or indirectly, drugs, medicines, and chemicals, and in dispensing medicine, and compounding physicians' prescription without being registered . . . he shall be punished . . ." G. L., *c.* 133, *s.* 8. Section 1 provides that it shall be lawful for any person to be an owner in the stock in trade in any druggist or apothecary shop, if he takes no part in conducting or keeping said shop. If the defendants took any part in conducting the business, they are liable to the penalty, although they had in their employ a person duly licensed, who compounded the medicines called for by physicians' prescriptions. It would be no defence to show that no actual harm has resulted from the defendants' violation of the statute. *State* v. *White*, 64 N. H. 49.

*Demurrer overruled.*

DOE, C. J., was absent: SMITH, J., did not sit: the others concurred.