[No. 24614. Department One. November 27, 1933.]

THE STATE OF WASHINGTON, *Respondent*, v. WORLEY BASHOR, *Appellant*.[1]

[1]Reported in 27 P. (2d) 121.

*Roswell J. Quinn,* for appellant.
*Cecil C. Hallin,* for respondent.

MAIN, J.—The information in this case contains three counts. In the first, the defendants, J. B. Williamson and Worley Bashor, were charged with the crime of manufacturing intoxicating liquor with intent to sell the same; in the second, with the possession of intoxicating liquor with intent to sell; and in the third, with having possession of a still used for the manufacture of intoxicating liquors capable of being used as a beverage. The defendant Bashor moved for a separate trial; which motion was overruled. The trial resulted in a verdict of guilty as to each of the defendants upon all three counts. From the judgment and sentence, the defendant Bashor appealed. The other defendant did not appeal.

One J. C. Jessen owns a farm in Cowlitz county upon which he and his family reside. He testified that Williamson and the appellant came to his place about October or November, 1931, and made an agreement with him whereby he was to let them place a still upon the farm, and, in return, he would be paid in liquor produced by the still. They constructed the still, and were the only two persons who stayed around it. They ran it jointly, one working at night and the other in the daytime. Jessen was employed by them to haul the materials, such as sugar and grain, together with other articles, to the still.

After being operated for several months, the first still burned, and a second still was constructed in like manner and under a similar arrangement as pertained

to the first. After the second still was constructed, and while it was in the process of operation, Williamson and the appellant were arrested. At the time the officers went to the still to make the arrest, only Williamson was there, but the appellant was arrested later. The testimony of Jessen is, in part, supported by other evidence in the case.

It is first contended that the trial court erred in not granting the appellant a separate trial. This motion was based on the assumption that the evidence as to the two parties charged would be different. Rem. Rev. Stat., § 2161, provides that, when two or more defendants are informed against jointly, "any defendant requesting it may, in the discretion of the trial court, be tried separately." It thus appears that the statute leaves the question to the discretion of the trial court, and this court will not disturb that discretion in the absence of a showing of abuse thereof. *State v. Ditmar*, 132 Wash. 501, 232 Pac. 321; *State v. Baker*, 150 Wash. 82, 272 Pac. 80.

The affidavits in support of the motion are not brought here in the statement of facts, but they only appear in the clerk's transcript. It has many times been held by this court that affidavits used upon a motion in the trial court cannot be brought here in that manner. Aside from this, the evidence in the case, as it developed upon the trial, clearly shows that the trial court did not abuse its discretion in refusing to sustain the motion.

The case of *State v. Moran*, 66 Wash. 588, 120 Pac. 86, has no application to the present situation, because the statute has been amended since that case was decided.

It is next contended that it was error to admit in evidence two exhibits which were receipts for money purporting to be for a grocery account. These were

taken off of the appellant when he was arrested, and they tend to support the charges made in the information. There was no error in receiving them in evidence.

There is also the contention that the trial court erred in permitting a witness, whose name was not endorsed upon the information, to testify in rebuttal, and that the testimony of the witness could not properly be received at the time it was offered. The names of the witnesses used by the state in rebuttal need not appear on the information. *State v. Champoux*, 33 Wash. 339, 74 Pac. 557; *State v. Lowery*, 104 Wash. 520, 177 Pac. 355. The objection that the testimony was not properly received in rebuttal is also without merit.

The appellant makes two or three other contentions, which are of such minor importance as not to call for a detailed consideration thereof. In none of them do we find substantial merit.

The judgment will be affirmed.

BEALS, C. J., MITCHELL, STEINERT, and MILLARD, JJ., concur.